Dear Dr. Weast:
You have asked for our interpretation of a State statute that entitles public employees who serve in the National Guard to a "leave of absence without loss of pay" if called to active duty by the Governor. You enclosed a copy of an opinion by your counsel, who concluded that the statute requires the school system to pay such an employee the difference between the employee's military pay and civilian pay. Under that interpretation, the school system may deduct the amount of the employee's military pay from the employee's civilian pay while the employee is on active duty with the National Guard.
For the reasons set forth below, we respectfully disagree with that conclusion. Under the longstanding interpretation of the Maryland statute, as well as the interpretation of similar statutes throughout the country, the phrase "without loss of pay" is understood to refer to a public employee's full civilian pay. Thus, a school system employee who is on military leave for active duty in the National Guard is entitled to full civilian pay without deduction of military pay.
 I The Maryland Statute
Maryland law has long protected the civilian pay and employment status of public employees who serve in the National Guard. The relevant statute provides:
 All officers and employees of the State, county or political subdivisions thereof who shall be members of the [National Guard] shall be entitled to leave of absence from their respective duties, without loss of pay, time or efficiency rating, on all days during which they shall be engaged in field or coast defense or other training ordered or authorized under the provisions of this article, or under any law of the United States, during such time as they are on inactive duty training, for not to exceed 15 days annually; provided, however, if any members of the [National Guard] are ordered to active duty under authority of the Governor they shall be entitled to leave of absence without loss of pay, time or efficiency rating for such time while actually serving under such active duty orders in addition to the 15-day period specified above.
Annotated Code of Maryland, Article 65, § 42 (emphasis added).[1]
A public employee is thus entitled to a leave of absence from his or her position "without loss of pay, time or efficiency rating"in two different scenarios: (1) up to 15 days during inactive duty training; and (2) indefinitely during active duty.
 II Analysis
A. Military Leave "Without Loss of Pay" in Maryland
1. Legislative History of the Maryland Statute
The predecessor of Article 65, § 42 was enacted by the General Assembly shortly after World War I. Chapter 490, § 37, Laws of Maryland 1922.[2] In its original version, the statute provided for a leave of absence for State employees "without loss of pay, time or efficiency rating" for any time on duty with the National Guard.
In 1948, the statute was revised to read substantially as it does today, covering employees of counties and political subdivisions, in addition to State employees. Chapter 5, Special Session, Laws of Maryland 1948. The 1948 revision also added the 15-day limitation on military leave "without loss of pay" for training purposes.
2. 1956 Attorney General Opinion
In a 1956 opinion, this Office previously construed the meaning of the phrase "without loss of pay" in the statute. At that time, the City Solicitor of Cumberland asked for an interpretation of Article 65, § 42, with reference to municipal employees who participated in a 15-day training exercise. The request apparently resulted from a disagreement as to whether the statute obligated the city to pay the employees their full civilian pay or simply the difference between their military pay and their civilian pay.
In an opinion authored by Assistant Attorney General Alexander Harvey, II, this Office concluded that the employees were entitled to full civilian pay in addition to military pay. 41 Opinions of the Attorney General 290 (1956). That opinion concluded that the statutory phrase "without loss of pay" means without loss of pay from the State or local agency that employs the individual. "The fact that an employee may receive other pay for his military duties during the training period does not relieve the municipal agency employing him from paying all of his regular salary. Any such payment . . . is supplementary to the employee's [civilian] salary. . . ." Id. at 291. This Office has affirmed that conclusion in subsequent advice to State clients. See, e.g., Letter of Assistant Attorney General Robert A. Zarnoch to Delegate Adelaide Eckardt (October 30, 2001).
B. Interpretation of the Phrase "Without Loss of Pay" in Other States
Many other states have passed similar statutes providing public employees with military leave "without loss of pay." These statutes have also been construed to require full civilian pay in addition to military pay. See Annotation, Validity and Construction of State Statutes Requiring Employers to Compensate Employees for Absences Occasioned by Military Service, 8 A.L.R.4th 704, § 2, 6 (collecting cases and noting that courts have held that statutes directing an employer to grant a leave of absence "without loss of pay" require the employer to provide the full amount of the employee's civilian pay). These statutes have generally been considered to offer an incentive for service in the National Guard. See, e.g., Bowers v. San Buenaventura, 75 Cal.App.3d 65, 79,142 Cal.Rptr. 35 (Cal.App. 1977); 1987-88 Va. Op. Atty. Gen. 413,1988 WL 408927 (August 4, 1988).
We have found no authority holding that the phrase "leave of absence without loss of pay" allows an employer to deduct military pay from the employee's civilian pay. In 1988, the Tennessee Attorney General canvassed cases throughout the country interpreting the phrase "leave without loss of pay" in similar statutes and found that the "deduction interpretation" had been "universally rejected." Tenn. Op. Atty. Gen. 88-137, 1988 WL 410213 (August 8, 1988).[3]
C. Comparison with Federal Law
In the opinion you enclosed with your request, your counsel noted that the phrase "leave of absence without loss of pay" appears twice in the Maryland statute — initially with respect to a 15-day period for inactive duty, and a second time with respect to an unlimited period of time for active duty. She suggested that the phrase could be interpreted in different ways in these two instances. In particular, she concluded that the statute requires that the school system pay full civilian pay while an employee is on military leave for inactive duty training, but only the difference between military and civilian pay for employees called to active duty.
There appears to be no basis in the language or history of the Maryland statute itself for such a distinction. Instead, counsel relied on an analogy to federal statutes concerning the pay owed to federal employees called to active duty with the National Guard. Citing guidance issued by the federal Office of Personnel Management ("OPM"), she noted that the federal statute is interpreted to require payment of only the difference between civilian and military pay to federal employees in certain circumstances.[4]
Superficially, the federal scheme bears some similarity to the Maryland statute. A federal employee is entitled to "leave without loss in pay" for 15 days each fiscal year for active duty, active duty training, and inactive duty training with the National Guard. 5 U.S.C. § 6323(a). A federal employee is also entitled to 22 days of "leave without loss of . . . pay" per calendar year for emergency duty as ordered by the President or a state governor in support of civilian authorities.5 U.S.C. § 6323(b). Your counsel asserted that the two federal provisions parallel the two clauses in the State law. Reasoning by analogy to the federal statute, she argued that the phrase referring to "leave without loss in pay" has different meanings in § 6323(a) and § 6323(b), and that the similar phrase "without loss of pay" in the Maryland statute should thus be given different interpretations in the two clauses of the Maryland statute.
There is, however, at least one significant difference between the federal statutory scheme and the Maryland statute.[5] As the OPM guidance notes, a separate federal statute explicitly provides that military pay received by a federal employee as a member of the National Guard for a period covered by 5 U.S.C. § 6323(b), is to be credited against the employee's civilian pay. 5 U.S.C. § 5519.[6] This means that federal agencies are to pay only the difference between civilian and military pay to employees called to active duty. There is no provision parallel to § 5519 in Maryland law.
 III Conclusion
In our opinion, a school system employee called by the Governor to active duty in the National Guard is entitled to leave with full civilian pay without deduction of military pay.
Very truly yours,
J. Joseph Curran, Jr.
 Attorney General
Robert N. McDonald
 Chief Counsel
Opinions Advice
[1] It is anticipated that this statute will soon be recodified as § 13-707 of a new Public Safety Article of the Annotated Code of Maryland. See Senate Bill 1 (2003). This statute applies generally to the State's "organized militia," which also includes the Maryland Defense Force. Article 65, § 62 et seq.
[2] The phrase "without loss of pay, time or efficiency rating" apparently was drawn from federal statutes enacted during World War I. See Section 80 of the Act of June 3, 1916 (39 Stat. 203, 32 U.S.C. § 75); Act of May 12, 1917 (40 Stat. 72, 10 U.S.C. § 371). However, State and federal law are no longer identical. See Part II.C. below.
[3] Interpretation of the phrase in those statutes has frequently been the subject of state Attorney General opinions, which all agree that the phrase means full civilian pay in addition to military pay. See, e.g., Miss. Atty. Gen. Op. 2002-0602, 2002 WL 31911099 (November 1, 2002) (city may not deduct military pay from civilian pay while employee is on military leave); 2000 Ohio Op. Atty. Gen. 2000-007, 2000 WL 194702
(February 14, 2000) (phrase does not allow for offset of military pay); Fl. Atty. Gen. Op. 97-77, 1997 WL 697380 (November 5, 1997) (public employees entitled to full pay under Florida statute regardless of compensation received from military); 1995 Iowa Op. Atty. Gen. 34,1995 WL 17787984 (August 23, 1995) (city must pay employees "full, normal civilian pay" without deduction for employee's military pay); 219 Ala. Op. Atty. Gen. 51, 1990 WL 605584 (June 28, 1990) (board of education may not deduct military pay from employee's salary during military leave); 1980 S.C. Op. Atty. Gen. 100, 1980 WL 81935 (May 15, 1980) (same); 1985-86 Va. Op. Atty. Gen. 198, 1985 WL 192173(September 10, 1985) (miliary pay not to be considered in computing pay due during leave); but cf. Opinion of the Colorado Attorney General (November 7, 1988),1988 WL 410729 (while Colorado statute required continued payment of full civilian salary during military leave, state personnel department could administratively require state employees to turn over to the state pay received from the military).
[4] An OPM pamphlet includes the following question and answer:
 Q6: Are employees entitled to both their military and civilian pay during periods of military leave to support civil authorities in the protection of life and property (i.e., during the 22 days of military leave available under 5 U.S.C. § 6323(b))?
 A6: No. An employee is entitled to the greater of his civilian or military pay, not both. Under 5 U.S.C. § 5519, the military pay received by an individual who has been activated to support civil authorities in the protection of life and property must be credited (less any travel, transportation, or other per diem allowances) against any Federal civilian pay the employee received during the 22 workdays of military leave. An agency may calculate the amount of military pay (less any travel, transportation, or per diem allowances) an employee will receive for the time period that corresponds to the 22 workdays of military leave and reduce the employee's civilian pay by that amount during the 22 workdays of military leave. In contrast, many agencies choose to continue to pay the employee his or her full civilian pay during the 22 workdays of military leave. At the end of the 22-day period of military leave, the agency requires the employee to refund to the agency an amount equal to the amount of military pay received (less any travel, transportation, or per diem allowances) up to the amount of his or her civilian pay for the time period that corresponds to the 22 workdays of military leave.
United States Office of Personnel Management, Frequently Asked Questions on Military Leave,www.opm.gov/oca/LEAVE/HTML/MILQA.asp.
[5] There are other differences between the two schemes, not directly pertinent to the question you pose.
[6] This provision was added to federal law in 1968 when Congress extended the availability of paid military leave for federal employees beyond an existing 15-day limitation. Pub.L. 90-588, 82 Stat. 1151
(1968). Prior to the enactment of that statute, the Comptroller General had construed a federal statute providing for a "leave of absence without loss of pay, time, or efficiency rating" to authorize the payment of both civilian and military pay to a federal employee. See 16 Comp. Gen. 767 (1937). *Page 44